**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

KIRA DELANE                                                                                                      PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:08-CV-149-SA-JAD

J. IVY INDUSTRIES                                                                         DEFENDANT

**MEMORANDUM OPINION**

Before the court is the Defendant's Motion for Summary Judgment [17]. For the reasons stated below, the Defendant's Motion for Summary Judgment is granted.

**I. Background**

*A.    The Plaintiff's Allegations*

The Plaintiff alleges that she began working for the Defendant in April, 2005. She claims that she was sexually harassed by Tillman Ivy, whom she describes as an Assistant Supervisor; on her EEOC charge of discrimination, the Plaintiff stated that the earliest date of harassment was December 1, 2006, and the latest date of harassment was December 29, 2006. In her responses to the Defendant's interrogatories, the Plaintiff described the harassment; she stated that Tillman Ivy would make statements like "Christmas not for free," "Never had a black girl," or "Don't want no fat black girl." She also alleged that he said he gave her money and bought her beer, in addition to making sexual comments about his penis. She claims that Tillman Ivy told her that if she complained about the sexual harassment, she would be fired.

In her responses to the Defendant's interrogatories, the Plaintiff stated that she reported the harassment to Bernard Carter, who was Tillman Ivy's supervisor. Around December 29, 2006, the Plaintiff was fired by Carter for the stated reason of excessive absenteeism. The Plaintiff claims that, prior to reporting the sexual harassment, she neither received disciplinary action for

absenteeism nor warning that her job was in jeopardy. She filed a charge of discrimination with the EEOC, and the EEOC issued a notice of right to sue on February 29, 2008. She filed this action on May 28, 2008, and the Defendants filed their motion for summary judgment on April 7, 2009, which the court now addresses.

B.     *The Defendant's Allegations*

With its motion for summary judgment, the Defendant has offered the following evidence: the discovery requests it propounded to the Plaintiff and her responses thereto; a written employee warning notice issued to the Plaintiff on December 11, 2006, for absenteeism and tardiness; affidavits from Bernard Carter, Tillman Ivy, and Jackie Ivy; and a copy of an administrative decision from the Mississippi Department of Employment Security, dated March 9, 2007.[1]

Bernard Carter testified that he was a lead supervisor at the Defendant company, and that the Plaintiff worked under him. He also testified that the Plaintiff was frequently absent and tardy during her employment with the Defendant and that he had personally warned her about absenteeism and tardiness several times before she was finally fired for those reasons. He further testified that

---

[1] Federal courts generally "give an agency's fact finding the same preclusive effect that they would a decision of a state court, when the state agency is acting in a judicial capacity and gives the parties a fair opportunity to litigate." Stafford v. True Temper Sports, 123 F.3d 291, 294 (5th Cir. 1997) (citing Univ. of Tenn. v. Elliott, 478 U.S. 788, 799, 106 S. Ct. 3220, 92 L. Ed. 2d 635 (1986). However, the United States Supreme Court has explicitly stated that Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims. Univ. of Tenn., 478 U.S. at 796. Therefore, the presumption that the well-established common-law rule of preclusion applies to federal statutes is rebutted by the implicit intent of Congress with respect to Title VII. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 108-09, 111 S. Ct. 2166, 115 L. Ed. 2d 96 (1991). However, Title VII does direct the EEOC to accord "substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local [employment discrimination] law." Univ. of Tenn., 478 U.S. at 795. Therefore, the court will give the findings of the Mississippi Department of Employment Security due consideration.

the Plaintiff never reported or otherwise indicated any sort of unwelcome sexual advances by Tillman Ivy. Finally, Carter testified that Tillman Ivy - the alleged harasser - was merely his assistant and did not have the authority to either hire or fire the Plaintiff.

In Tillman's affidavit, he testified that he and the Plaintiff were co-workers at the Defendant company, and he stated that she was frequently absent and tardy over the course of her employment there. He stated that he personally observed Carter warn her about absenteeism and tardiness several times before she was terminated. Tillman further testified that, over the course of her employment, the Plaintiff frequently initiated sexually oriented conversations with him, and he participated in those conversations. He stated that the Plaintiff never gave any indication that she perceived any of his actions or words to be unwelcome sexual advances. Finally, he testified that he was merely Bernard Carter's assistant and had no authority to either hire or fire the Plaintiff.

Jackie Ivy is the president of the Defendant company, and she testified that on December 11, 2006, she instructed Bernard Carter to issue a final written warning to the Plaintiff about her excessive absenteeism and tardiness and to fire her the next time she was absent or tardy without good cause. Jackie Ivy further testified that Tillman Ivy was merely the assistant to Bernard Carter and had no authority to either hire or terminate the Plaintiff. Finally, Jackie Ivy testified that during her employment at the Defendant company, the Plaintiff never reported or otherwise gave any indication of any unwelcome sexual advances.

The written warning attached to the Defendant's motion for summary judgment is dated December 11, 2006. It states that it was issued to the Plaintiff for absenteeism and tardiness, and that she had been previously warned. Bernard Carter signed it and wrote that he had explained to the Plaintiff that this was her final warning. Tillman Ivy witnessed it, and the Plaintiff signed it and

marked the box that indicates agreement with Carter's statement.

Finally, the Defendants submitted an administrative decision from the Mississippi Department of Employment Security addressing a claim for unemployment benefits filed by the Plaintiff after her employment with the Defendant was terminated. The administrative judge found that the Plaintiff was fired because of excessive absenteeism and tardiness. The judge stated that she had fifteen unexcused absences between January, 2006, and October 30, 2006. The judge ruled that the Plaintiff was disqualified from receiving unemployment benefits for a certain period of time because she had been fired for misconduct.

## II. Standard of Review

Upon consideration of a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the nonmoving party's case"). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249; Deville v. Marcantel, 2009 U.S. App. LEXIS 9403, *10 (5th Cir. May 1, 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 2009 U.S. App. LEXIS 9403 at *10.

The burden then shifts to the nonmovant to "go beyond the pleadings and by... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

4

showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324 (citing FED. R. CIV. P. 56(c), (e)). "An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." Adams v. Travelers Indem. Co., 465 F.3d 156, 164 (5th Cir. 2006) (citation omitted). The burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). A party opposing summary judgment "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response." Howard v. Greenwood, 783 F.2d 1311, 1315-16 (5th Cir. 1986) (citing Nicholas Acoustics & Specialty Co. v. H & M Constr. Co., Inc., 695 F.2d 839, 845 (5th Cir. 1983)). In the words of the rule itself: "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); See also State Farm Mut. Auto. Ins. Co. v. Estate of Blanchard, 2008 U.S. Dist. LEXIS 71598, *11 (N.D. Miss. Sep. 8, 2008).

In the present case, the Plaintiff has failed to respond to the Defendant's motion for summary judgment. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendant's motion for summary judgment, even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion." Estate of Blanchard, 2008 U.S. Dist. LEXIS 71598 at *10-*11 (citing John v. Louisiana, 757 F.2d 698, 708 (5th Cir. 1985)). However, the Fifth Circuit Court of Appeals has stated:

> Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. A failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists. ...[S]ince the plaintiff failed to respond to the defendant's motion for summary judgment, the inquiry must be whether the facts presented by the defendants create an appropriate basis to enter summary judgment against the plaintiff.

5

Adams, 465 F.3d at 164 (citations and internal quotations omitted). Therefore, the court will accept as undisputed the Defendant's version of the facts. See Eversley v. MBank Dallas, 843 F.2d 172, 174 (5th Cir. 1988).

### III. Discussion

Title VII of the Civil Rights Act of 1984 states, "It shall be an unlawful employment practice for an employer... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's sex." 42 U.S.C. § 2000e-2(a)(1).

As an initial inquiry, the court must determine whether the Plaintiff suffered a tangible employment action. Williams v. Barnhill's Buffet Inc., 290 Fed. Appx. 759, 761 (5th Cir. 2008) (citing Casiano v. AT&T Corp., 213 F.3d 278, 283 (5th Cir. 2000)). "If she has, her suit is classified as a 'quid pro quo' case; if she has not, her suit is classified as a 'hostile environment' case. Williams, 290 Fed. Appx. at 761. A tangible employment action is one that entails a "significant change in employment status such as hiring, firing, failing to promote, reassignment with signficantly different responsibilities, or a decision causing a significant change in benefits." Williams, 290 Fed. Appx. at 762 (citing Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998)).

The Plaintiff's employment with the Defendant was terminated, and that is a tangible employment action. However, her complaint, if liberally construed, could allege either 1) a quid pro quo sexual harassment claim, in which the tangible employment action was the result of her rejection of the alleged sexual advances; or 2) a hostile working environment sexual harassment claim combined with a retaliation claim, in which the tangible employment action was retaliation

6

for her reporting the alleged conduct. Therefore, the court will simply analyze the facts before it with respect to each of the above claims: 1) a quid pro quo claim, 2) a hostile work environment claim, and 3) a retaliation claim.

### A.     *Quid Pro Quo Claim*

To succeed on a quid pro quo harassment claim, the Plaintiff must show that "(1) she suffered a tangible employment action and (2) the tangible employment action resulted from her acceptance or rejection of her supervisor's alleged sexual advances." Russell v. Univ. of Texas, 234 Fed. Appx. 195, 201 (5th Cir. 2007). There is no dispute that the Plaintiff suffered a tangible employment action. Therefore, the only issue is whether the action resulted from her rejection of Tillman Ivy's alleged sexual advances.

Read in the light most favorable to the Plaintiff, her complaint and discovery responses allege the following facts to support her contention that her termination was a result of her rejection of Tillman Ivy's alleged sexual advances: 1) her subjective belief; and 2) the close temporal proximity of the events. However, while close temporal proximity may serve as proof of causation for retaliation claims, the Fifth Circuit Court of Appeals does not use it as evidence of proof of causation for quid pro quo claims. Russell, 234 Fed. Appx. at 202.

Regardless of whether close temporal proximity may serve as evidence of causation in a quid pro quo claim, the Plaintiff has not shown that her alleged harasser, Tillman Ivy, made the decision to fire her or exerted any "influence or leverage over the official decisionmaker." See Russell, 234 Fed. Appx. at 203. In fact, the Defendant has presented testimony that he did not have the authority to fire her. Further, both Bernard Carter, the Plaintiff's supervisor, and Jackie Ivy, the president of the company, testified that the Plaintiff never complained of any behavior of the sort she alleged in

her complaint, and the Plaintiff has not presented any evidence to rebut their testimony. If they had no knowledge of the alleged harassment, it could not have influenced their decision to fire her.

Finally, the Plaintiff has not presented any evidence to rebut the Defendant's evidence that she was, in fact, fired because of her excessive absenteeism and tardiness. Therefore, no genuine issue of disputed material fact exists as to whether the Plaintiff was fired because she rebuffed Tillman Ivy's alleged sexual advances, and, therefore, summary judgment in favor of the Defendant is granted as to the quid pro quo claim.

B.     *Hostile Environment Claim*

A plaintiff making a claim for "hostile environment" sexual harassment must establish the following elements: (1) she belongs to a protected group; (2) she was subjected to unwelcome sexual advances; (3) the harassment complained of was based on sex; (4) it affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. See Hughes v. Hollywood Casino Corp., 2008 U.S. Dist. LEXIS 46422, *13-*14 (N.D. Miss. May 22, 2008) (citing Jones v. Flagship Int'l, 793 F.2d 714, 719 (5th Cir. 1986)); Harvill v. Westward Commc'ns, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005). However, if the alleged harasser had supervisory authority over the plaintiff, only the first four elements must be satisfied. Paul v. Northrop Grumman Ship Sys., 2009 U.S. App. LEXIS 2230, *5 (5th Cir. Feb. 5, 2009)

A plaintiff can satisfy the fourth prong of the above analysis by showing, in the absence of a tangible employment action, that the harassment was sufficiently severe or pervasive to alter a

term or condition of employment.² Thompson v. Naphcare, Inc., 117 Fed. Appx. 317, 321 (5th Cir. 2004); see also Mire v. Tex. Plumbing Supply Co., 286 Fed. Appx. 138, 141 (5th Cir. 2008). The conduct must be "subjectively and objectively offensive." Mire, 286 Fed. Appx. at 141 (citing Green v. Adm'rs of the Tulan Educ. Fund, 284 F.3d 642, 655 (5th Cir. 2002)). The court's determination as to whether the alleged conduct was "sufficiently severe or pervasive is not an exact science." Mire, 286 Fed. Appx. at 141 (citing Gibson v. Potter, 264 Fed. Appx. 397, 400 (5th Cir. 2008)). The court looks at the totality of the circumstances, "focusing on factors such as the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with an employee's work performance." Mire, 286 Fed. Appx. at 141 (citing Green, 284 F.3d at 655-56)).

"[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Gibson, 264 Fed. Appx. at 401 (citing Shepherd v. Comptroller of Pub. Accounts, 168 F.3d 871, 874 (5th Cir. 1999)). "However, sexually discriminatory verbal intimidation, ridicule, and insults may be sufficiently severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment that violates Title VII." Mire, 286 Fed. Appx. at 141. While the time period over which the alleged harassment occurred is a relevant factor, there is no minimum time period in which the conduct must have occurred to be considered pervasive. Mire, 286 Fed. Appx.

---

²As stated above, the Plaintiff's complaint could be liberally construed as to allege a hostile environment claim and a retaliation claim. In such a scenario, she would proceed under the theory that she experienced a hostile working environment, complained of it, and then was subsequently fired because she complained. Put another way: the employment action - in this case, termination - would not be causally connected to the sexual harassment, but, rather, to the retaliation against her protest of the harassment.

at 142.

The Plaintiff alleges that the Plaintiff made the following comments to her."Christmas not for free," "Never had a black girl," and "Don't want no fat black girl." She also alleged that he said he gave her money and bought her beer, in addition to making sexual comments about his penis. She alleges in her discovery responses that he made comments like these numerous times, but she does not specify how often. In her charge of discrimination, she alleged that the earliest date of harassment was December 1, 2006, and that the latest date of harassment was December 29, 2006. When compared to other cases addressed by the Fifth Circuit Court of Appeals, the action alleged is simply not actionable under Title VII.

First, the Defendants have presented evidence that (1) the Plaintiff herself frequently initiated sexual conversations, in which her alleged harasser participated; and (2) the Plaintiff never indicated to her alleged harasser that she perceived his conduct as unwelcome sexual advances. Therefore, the Defendants have offered evidence that the conduct was not unwelcome and was not subjectively offensive. See Harvill, 433 F.3d at 434 (unwelcome sexual advances is an element of a hostile working environment claim); Mire, 286 Fed. Appx. at 141 (conduct alleged must be both subjectively and objectively offensive). The Plaintiff has offered no evidence to rebut this testimony.

Second, the conduct alleged by the Plaintiff in her complaint is not sufficiently severe or pervasive enough to be actionable under Title VII. The Plaintiff has not asserted how frequently the alleged conduct took place. She has not stated that the alleged conduct was physically or emotionally humiliating or degrading. She has not claimed to have felt physically threatened or intimidated. She has not claimed that her job performance was affected in any way. There is no

indication, from the facts in the record, that the conduct was anything more than simple workplace teasing or boorish offhand comments. The conduct alleged, when compared to other cases considered by the Fifth Circuit Court of Appeals, does not rise to the level of severity or pervasiveness required to be actionable under Title VII.[3] Therefore, the Defendant's motion for summary judgment is granted with respect to the Plaintiff's hostile work environment claim.

## C.     Retaliation Claim

A plaintiff may prove a retaliation claim under Title VII by either direct or circumstantial evidence. McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007); McCullough v. Houston County, 297 Fed. Appx. 282, 288 (5th Cir. 2008). To establish a prima facie case of retaliation, a plaintiff must establish that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." McCoy, 492 F.3d at 556-57.

---

[3]See Gibson, 264 Fed. Appx. at 398 (holding that conduct of a supervisor who grabbed plaintiff's buttocks and made suggestive comments was not sufficiently severe or pervasive to alter a term or condition of plaintiff's employment); Hockman v. Westward Commc'ns, LLC, 407 F.3d 317, 328 (5th Cir. 2004) (holding that sexually suggestive comments, slapping a plaintiff's buttocks with newspaper, grabbing or brushing up against plaintiff's breasts and buttocks, and attempting to kiss plaintiff did not qualify as severe); Derouen v. Carquest Auto Parts, Inc., 275 F.3d 42, 2001 WL 1223628, *1 (5th Cir. 2001) (holding that attempt to grab plaintiff's breast, rubbing of plaintiff's thigh, and sexually threatening remarks did not support a hostile work environment claim); Paul, 2009 U.S. App. LEXIS 2230 at *11-*12 (holding that touching plaintiff's breasts, staring in an intimidating manner, placing arms around plaintiff's waist, and rubbing plaintiff's buttocks for a minute and a half was not sufficiently severe or pervasive); Arensdorf v. Geithner, 2009 U.S. App. LEXIS 10440, *7 (5th Cir. May 12, 2009) (holding that workplace teasing and ridicule were not sufficiently severe or pervasive); Russell, 234 Fed. Appx. at 205 (holding that rubbing the side of a plaintiff's hand and thigh, statements of desire to move in with plaintiff, statement of desire to watch a movie in bed with plaintiff, and calling plaintiff "honey" or "babe" on numerous occasions was not sufficiently severe or pervasive); Jones, 793 F.2d at 720-21 (holding that a supervisor's sexual propositioning of a plaintiff on three separate occasions was not sufficiently severe or pervasive).

The causal link required at the prima facie stage is not a "but for" standard. McCullough, 297 Fed. Appx. at 288 (citing Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002)). When making a prima facie showing, a plaintiff may rely on "close timing between... protected activity and an adverse action." McCullough, 297 Fed. Appx. at 288 (citing Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997)).

If the plaintiff makes the prima facie showing, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action." McCoy, 492 F.3d at 557. "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." Id. If the employer produces a legitimate reason for the action taken, "any presumption of discrimination raised by the plaintiff's prima facie case vanishes." McCullough, 297 Fed. Appx. at 288 (citing Septimus v. Univ. of Houston, 399 F.3d 601, 609 (5th Cir. 2005)).

The burden then shifts back to the plaintiff to prove that "the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose. To carry this burden, the plaintiff must rebut each nondiscriminatory or nonretaliatory reason articulated by the employer." McCoy, 492 F.3d at 557. The plaintiff must show that "the adverse employment action taken against the plaintiff would not have occurred 'but for' [the] protected conduct." McCullough, 297 Fed. Appx. at 288 (citing Septimus, 399 F.3d at 608)). The Fifth Circuit Court of Appeals has expressly stated that temporal proximity alone is not sufficient to establish "but for" causation in this final stage. McCullough, 297 Fed. Appx. at 288-89 (citing Strong v. Univ. Healthcare Sys., 482 F.3d 802, 808 (5th Cir. 2007)).

The court will assume, for purposes of this motion, that the Plaintiff has met her burden to

12

establish a prima facie case of retaliation under Title VII. The Defendant, in response to the Plaintiff's allegations, has proffered the legitimate reason of excessive absenteeism and tardiness, and supported its stated reason with affidavits, a decision from the Mississippi Department of Employment Security, and a copy of a written warning issued to the Plaintiff. The Plaintiff has not produced any evidence to rebut the Defendant's legitimate reason for termination, other than her own subjective belief as expressed in her complaint and discovery responses. However, the Plaintiff's subjective belief that she was fired in retaliation for reporting alleged sexual harassment to a superior is insufficient to raise a fact issue as to the legitimacy of the Defendant's proffered reason for termination. Mire, 286 Fed. Appx. at 144 (citing Ajao v. Bed Bath & Beyond Inc., 265 Fed. Appx. 258, 263 (5th Cir. 2008) (per curiam)). Therefore, the Defendant's motion for summary judgment as to the Plaintiff's retaliation claim is granted.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment is **GRANTED** as to all the Plaintiff's claims. A separate order consistent with this opinion shall issue on this the 27th day of May, 2009.

                                              **/s/ Sharion Aycock**
                                              **UNITED STATES DISTRICT JUDGE**